UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN MADRID,

Petitioner,

v.

STU SHERMAN, Warden,

Respondent.

No. 1:15-cv-01353-LJO-SKO HC

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**

**(Doc. 13)**

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleges that a prison hearing officer violated his due process rights when he denied Petitioner's request for a continuance to interview and obtain witnesses. He adds that Fresno County Superior Court abused its discretion in denying his state petition without first issuing an order to show cause. Petitioner requests restoration of his good-time credits and expungement of the disciplinary findings.

Respondent contends that the District Court lacks habeas jurisdiction to address Petitioner's claim. The undersigned agrees that recent case law clarified that Petitioner's claims are properly brought in an action pursuant to 42 U.S.C. § 1983 and recommends that the Court dismiss the petition for lack of jurisdiction.

///

## I. Procedural and Factual Background

On May 4, 1994, Petitioner was convicted of (1) first degree conspiracy to commit murder (Cal. Penal Code §§ 182, 187) and (2) first degree attempted murder (Cal. Penal Code §§ 664, 187). On January 2, 1997, Petitioner's sentence was modified following a successful appeal. Count 2 was subject to enhancement for use of a firearm (Cal. Penal Code § 12022.5), and Petitioner's sentence was increased by ten years for two prior convictions (Cal. Penal § 667). As a result, his aggregate sentence is an indeterminate prison term of 25 years to life.

In October 2013, officers at Pleasant Valley State Prison (PVSP), where Petitioner was then confined, conducted an extensive search of housing unit D during which they x-rayed all pillows and mattresses. When Petitioner's mattress was x-rayed on October 15, 2013, Correctional Officer A. Segrete discovered a 5 inch by 1 inch object[1] hidden inside. Petitioner contends that housing staff immediately provided him with a replacement mattress[2] but that no one advised him that a CDC-115 misconduct report had been issued until he was summoned to the disciplinary hearing on October 26, 2013.

What factually occurred before and during the October 26, 2013, disciplinary hearing is unclear. Although the Superior Court reviewed the record of Petitioner's disciplinary hearings, Petitioner did not append those documents to his federal petition. He concedes that when the hearing officer asked whether Petitioner had any witnesses, he responded, "Not at this time." The petition includes the following factual summary:

> At that time, 10-26-13, Petitioner was asked if he had any witnesses? Petitioner answered not at that time. After reviewing the misconduct report, Petitioner requested another mattress with a sealed plastic covering. Prison guards stated this is not the Hilton, you get what we have to issue to you. On 10-26-13, Petitioner saw prison guard A. Negrete when he (Petitioner) exited the morning

---

[1] The petition does not identify the hidden object beyond this description.

[2] Petitioner alleges that both the confiscated mattress and its replacement consisted of mattress stuffing from which the plastic covering and matting had been removed. Torn sheets were used to hold the stuffing together.

> dining hall. Petitioner asked A. Negrete to give him five minutes of his time to discuss the misconduct report. Negrete agreed. Prior to yard release, Petitioner was summoned to the Facility D Program office. Upon arrival to the program office, Petitioner was advised it was for his CDC-115 hearing for dangerous contraband found in his mattress. Petitioner requested a continuance explaining that he had just spoken with the reporting employee, Prison Guard A. Negrete and wanted to call him as a witness. The Senior Hearing Officer, Lt. D. May, stated it says here you didn't want any witnesses and were ready to proceed now. Whereupon he proceeded with the hearing and found me guilty based solely upon by being associated to Cell B2-113. No other evidence was received.
>
> Doc. 1 at 7.

In a written decision dated January 12, 2015, the Fresno County Superior Court denied Petitioner's petition for writ of habeas corpus.[3] The Superior Court first acknowledged that under *Wolf v. McDonnell* (418 U.S. 539 (1974)), an inmate facing disciplinary hearings is generally allowed to call witnesses. California Code of Regulations tit. 15, § 3315(e)(1) also provides that an inmate's requested witnesses should generally be called, and § 3320 permit a CDC 115 disciplinary hearing to be postponed for up to 30 days upon written request. In Petitioner's case, Petitioner had signed a CDC 115-A form on October 24, 2013, on which he indicated that he did not request the presence of any witness at his hearing. The record of the CDC 115 disciplinary hearing indicated the Petitioner "wanted to proceed with the hearing" and had no indication that Petitioner sought to postpone the hearing for any reason. Finally, the Superior Court noted that Petitioner had offered no explanation of how Officer Negrete's testimony could have altered the outcome of his disciplinary hearing.

The California Court of Appeals summarily denied the petition on March 11, 2015. The California Supreme Court summarily denied the petition on July 8, 2015.

On September 3, 2015, Petitioner filed his petition in this Court. He seeks reversal of the administrative finding of guilt and restoration of the lost custody credits.

///

///

[3] Because both the California Court of Appeals and the California Supreme Court summarily denied review, the Court must "look through" the summary denials to the last reasoned decision, which is, in this case, the opinion of the California Court of Appeal, Fifth Appellate District. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

**II. <u>No Habeas Relief for Indeterminate Sentences</u>**

The petition in this case requires the Court to analyze recent case law addressing whether losses of good time credits in prison disciplinary proceedings are properly addressed in habeas corpus or in § 1983 civil rights actions.

In *Nettles v. Grounds* (788 F.3d 992 (9th Cir. 2015)), the Ninth Circuit Court of Appeals sought to resolve the ambiguity of when an inmate seeking return of good time credits lost in a disciplinary action must pursue a habeas corpus petition under 28 U.S.C. § 2254 and when he must file a § 1983 complaint. "[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody, which *Skinner* [*v. Switzer*, 562 U.S. 521(2011)] suggested would include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." *Nettles*, 788 F.3d at 1001 (quoting *Skinner*, 562 U.S. at 533-34).

*Nettles*, who had been sentenced to life with the possibility of parole, sought restoration of 30 lost good time credits and expungement of the rule violation that resulted in the lost credits. 788 F.3d at 995-96. The Ninth Circuit opinion concluded that habeas jurisdiction was not established because neither restoring the lost credits nor expunging the rule violation would necessarily result in Nettles' being released from prison more quickly. *Id.* at 1002-04. The Court denied habeas jurisdiction because of Nettles' indeterminate sentence: "Without knowing how many years Nettles will serve before the Board finds him suitable for parole or the length of his base term, we cannot conclude that the restoration of the lost good-time credits would necessarily affect the duration of Nettles' confinement if and when the Board finds him suitable for parole." *Id.* at 1004.

The Ninth Circuit also rejected the reasoning that expunging the disciplinary violation would necessarily reduce Nettles' term by removing "roadblocks to parole." *Id.* at 1003. The court reasoned that the effect of expunging the rule violation and restoring the lost credits was insufficient to provide habeas jurisdiction:

> While the 2008 rules violation report will likely have some effect on the Board's consideration, there is no basis for concluding that the expungement of this report from the record will "necessarily

> spell speedier release for Nettles." *See Skinner*, 131 S.Ct. at 1299 n. 13. Nor will it necessarily terminate Nettles's custody, accelerate the future date of his release, or reduce his level of custody. *See id.* The effect of a rules violation on parole suitability is a matter of state law and regulation, and, under California law, a rules violation is merely one factor the parole board considers to determine whether a prisoner "constitutes a current threat to public safety." *Lawrence*, 82 Cal.Rptr.3d 169. . .; it is not determinative, *see* Cal. Code regs. Tit. 15, § 2281(b) (directing the parole board to consider "[a]ll relevant, reliable information" in determining suitability for parole). . . . . Even if successful, Nettles "will not necessarily shorten the length of his confinement" because "[t]he parole board will still have the authority to deny . . . parole on the basis of any of the grounds presently available to it in evaluating such a request." *See Ramirez*, 334 F.3d at 859 (first alteration in original) (internal quotation marks omitted). As *Close* pointed out, even when a challenge to prison disciplinary proceedings "***may*** affect the duration of time to be served (by bearing on the award or revocation of good-time credits)," where "it is not necessarily so," a challenge to such proceedings "raises no claim on which habeas relief could have been granted." 540 U.S. at 754-55 . . . (emphasis added). Therefore, this claim is not cognizable in habeas.
>
> *Nettles*, 788 F.3d at 1003-04.

Petitioner in this case is similarly situated to Nettles. He is subject to an indeterminate sentence. Following his initial parole hearing, the board denied parole for ten years and made numerous recommendations: (1) no more 115s or 128As; (2) work to reduce custody level; (3) stay discipline free; (4) earn positive chronos; and as available, (5) get self-help; (6) learn a trade; and (7) get therapy. *See* Doc. 16 at 10. Because restoring Petitioner's lost good-time credits and expunging the disciplinary findings will not necessarily result in an earlier release date, habeas jurisdiction is not available for Petitioner's claims.

## III. <u>Certificate of Appealability</u>

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Here, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

///

**IV. Conclusion and Recommendation**

The undersigned RECOMMENDS that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability. The Clerk of Court is DIRECTED to forward to Petitioner a copy of the form to be used in preparing a complaint under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 19, 2016**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE